IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **FREDDY S.P.A.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **ABDESLAM KALAI and KALAI PHONY**, <br><br> *Defendants*. | Civil Action No. _____ <br><br> Demand for Jury Trial. |

## COMPLAINT

Plaintiff Freddy S.p.A. ("Freddy") sues Defendants Abdeslam Kalai and Kalai Phony (collectively "Kalai"), and alleges:

## JURISDICTION

1. This action for damages and injunctive relief is brought by Freddy pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") as amended.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (copyright) because this matter arises under the Copyright Act, which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1338.

3. Personal jurisdiction over Kalai is proper in this judicial district because Kalai's internet service provider ("ISP"), Shopify, may be found in this district and pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(g)(3)(d), Kalai expressly consented to jurisdiction in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

5. Freddy is an Italian joint stock company located at Via San Spirit, Milan, Italy 20121.

6. On information and belief, Defendant Abdeslam Kalai is an individual residing or located at 12 Rue Jebel Al Ayachi, Appt. 2, Agdal, Rabat, Morocco 10000.

7. On information and belief, Defendant Kalai Phony is a business organization located at 12 Rue Jebel Al Ayachi, Appt. 2, Agdal, Rabat, Morocco 10000.

## FACTS

8. Freddy was established in Italy in 1976 by Carlo Freddi. It started as a dance and gymnastics footwear company and has grown into an internationally reputed brand offering a full line of athletic clothing. Between 2008 and 2012, Freddy was the official sponsor of and supplier to the Italian Olympic Team, creating its official uniform for opening and closing ceremonies in addition to various other articles worn at the 2008 Summer Olympic Games in Beijing, the 2009 Mediterranean Games in Pescara, the 2010 Vancouver Winter Olympic Games, and the 2012 London Olympic Games. Today, Freddy's athleticwear is sold across the globe through stores in the U.S., Rome, Genoa, Seoul, Athens, Russia, Belgium, and South Africa, among others.

9. In 2013, Freddy launched its WR.UP® pants in Italy, which are designed to accentuate a woman's booty, hip, and waist shape and appearance.

10. The immediate success of the pants heralded Freddy's entry into the U.S. market with the opening of Freddy's Washington retail space in March 2013.

11. Freddy's WR.UP® pants have since become Freddy's most iconic, successful and recognizable product.

12. Freddy's WR.UP® pants contain an original rear stitching design, depicted below (the "Stitching Design"):



13. Freddy owns a valid Chinese copyright registration for its Stitching Design, Chinese Copyright Registration No. 950854 (the "Chinese Registration"). A true and correct copy of the Chinese Registration is attached hereto as Exhibit A.

14. In or around October 2018, Freddy learned that a website called Best Yoga Store, located at the URL <https://bestyogastore.us>, is selling or offering for sale pants in the U.S. that bear an identical stitching design to Freddy's Stitching Design (the "Infringing Pants"). An example of the Infringing Pants is depicted below.

Freddy's WR.UP® Pants            Infringing Pants[1]



15. The Infringing Pants are clear copies of Freddy's WR.UP® pants and Stitching Design.

---

[1] *2020 Mid Waisted Grey Denim Jeans With Built-in Hiney Trainer X$^{TM}$ Lifts & Supports for a Flattering Fit*, <https://bestyogastore.us/collections/flattering-fit/products/dgl> (last viewed 4.21.2020).

16. On or about November 6, 2018, counsel for Freddy sent a takedown notice to Shopify, the ISP hosting the Best Yoga Store website, demanding that the pages displaying and offering for sale the Infringing Pants be taken down. (Exhibit B.)

17. Shopify did not comply.

18. Freddy also sent the letter to Kalai. Kalai similarly failed to comply.

19. Because neither complied, Freddy turned its focus to the Chinese manufacturers believed to be providing Kalai with the Infringing Pants. Enforcement on the U.S. front was temporarily suspended while the Chinese manufacturers were pursued.

20. In or around mid-2019, Freddy filed a civil suit in China against the Chinese manufacturers of the Infringing Pants.

21. Freddy's Chinese Registration issued shortly thereafter, on December 9, 2019.

22. On or about February 5, 2020, counsel for Freddy sent a second takedown notice to Shopify, attaching a copy of the Chinese Registration. (Exhibit C.)

23. On or about February 19, 2020, Shopify took down the relevant pages of the Best Yoga Store website displaying and offering for sale Infringing Pants.

24. That same day, Kalai submitted a counternotice under the Digital Millennium Copyright Act swearing under penalty of perjury that the affected websites were removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled and that Kalai is the merchant subject to the DMCA Takedown Notice and/or that Kalai is authorized to act on behalf of the merchant. (Exhibit D.) Kalai also expressly consented to the jurisdiction of the Federal District Court for the District of Delaware. *Id.*

25. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Kalai knew about Freddy and its products and had access to Freddy's products before Kalai began selling the Infringing Pants.

26. The stitching on the Infringing Pants is substantially and strikingly similar to Freddy's copyrighted Stitching Design.

27. Freddy did not authorize Kalai to copy or make derivative works of the Stitching Design.

28. Upon information and belief, Kalai has derived revenue from sales of the Infringing Pants.

29. To date, Kalai has not compensated Freddy.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Paragraphs 1-29 are incorporated herein by reference as if fully set forth.

31. Freddy's Stitching Design is an original work of authorship.

32. Freddy owns the Chinese Registration for the original Stitching Design.

33. Under 17 U.S.C. § 104(b)(2), the Stitching Design was first published in a foreign nation that, on the date of first publication, was a treaty party, as defined by the Copyright Act, 17 U.S.C. § 101.

34. As owner of the copyright in the Stitching Design, Freddy reserves and retains the bundle of exclusive rights granted under § 106 the Copyright Act, including the right to reproduce, distribute copies, and prepare derivative works of its copyrighted Stitching Design.

35. The stitching on the Infringing Pants is substantially and strikingly similar to the copyrighted Stitching Design.

36. By manufacturing and selling the Infringing Pants, Kalai reproduced, distributed copies, and/or made derivative works of the Stitching Design. In doing so, Kalai violated Freddy's exclusive rights.

37. Freddy did not authorize Kalai's reproduction, distribution, or creation of derivative works of the Stitching Design.

38. On information and belief, Kalai has sold and distributed the Infringing Pants to consumers in the U.S.

39. On information and belief, Defendant Abdeslam Kalai, as owner of Defendant Kalai Phony, had the right and ability to exercise control over Kalai Phony's infringing acts, and in fact did exercise control over Kalai Phony's infringing acts, as set forth above.

40. Kalai's actions constitute willful copyright infringement.

41. Kalai's actions have resulted in financial injury to Freddy and, therefore, Freddy requests that it be awarded actual damages for each infringement, plus costs and interest in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Freddy is entitled to and prays for relief as follows:

A. That Kalai and their officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be permanently enjoined and restrained from infringing, in any manner, Freddy's Chinese Registration, pursuant to 17 U.S.C. § 502;

B. That the Court order the impounding and destruction of all Infringing Pants, and the impounding of all records documenting the manufacture, sale, or receipt of all Infringing Pants, pursuant to 17 U.S.C. § 503;

  C. That an accounting be conducted and judgment rendered against Defendant Abdeslam Kalai and Defendant Kalai Phony jointly and severally for:

  i. all profits received by Kalai from the sale of Infringing Pants;

  ii. all damages in an amount to be proven at trial resulting from Kalai's willful copyright infringement, pursuant to 17 U.S.C. § 504(b); and

  iii. any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

  D. That Plaintiff be granted any other and further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 10, 2020

Respectfully submitted,

*Of Counsel*:

Jason H. Cooper (GA Bar No. 778884)
THE SLADKUS LAW GROUP
1397 Carroll Drive
Atlanta, Georgia 30318
Main: (404) 252-0900
Fax: (404) 252-0970
Email: jason@sladlaw.com

*/s/George Pazuniak*
George Pazuniak (DE No. 478)
O'KELLY & ERNST, LLC
824 N. Market Street, Suite 1001A
Wilmington, Delaware 19801
(302) 478-4230
gp@del-iplaw.com

*Attorneys for Plaintiff*