IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **FREDDY S.P.A.**, *Plaintiff*, v. **ABDESLAM KALAI, KALAI PHONY, KALAI GROUP, LLC, AND GOOGLE, LLC**, *Defendants*. | Civil Action No.: 1:20-cv-00628-DJC<br><br>First Amended and Supplemental Complaint for Copyright Infringement and False Advertising.<br><br>Demand for Jury Trial. |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiff Freddy S.p.A. ("Freddy") sues Defendants Abdeslam Kalai, Kalai Phony, Kalai Group, LLC, and Google, LLC (collectively "Defendants") and alleges:

## JURISDICTION

1.  This action for damages and injunctive relief is brought by Freddy pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), as amended, and the Lanham Act ("Lanham Act"), 15 U.S.C. § 1051 *et seq.,* as amended.

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (copyright) because this matter arises under the Copyright Act, which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1338. Jurisdiction over the Lanham Act claims is proper under 15 U.S.C. § 1121.

3.  Personal jurisdiction over Defendants Abdeslam Kalai and Kalai Phony is proper in this judicial district because their prior internet service provider ("ISP"), Shopify, may be found in this district and, pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(g)(3)(d), both Defendants expressly consented to jurisdiction in this district.

4. Personal jurisdiction over Defendant Kalai Group, LLC is proper in this judicial district because Kalai Group, LLC is a Delaware limited liability company.

5. Personal jurisdiction over Defendant Google, LLC is proper in this judicial district because Google, LLC is a Delaware limited liability company.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

7. Freddy is an Italian joint stock company located at Via San Spirit, Milan, Italy 20121.

8. On information and belief, Defendant Abdeslam Kalai is an individual residing or located at 12 Rue Jebel Al Ayachi, Appt. 2, Agdal, Rabat, Morocco 10000.

9. On information and belief, Defendant Kalai Phony is a business organization located at 12 Rue Jebel Al Ayachi, Appt. 2, Agdal, Rabat, Morocco 10000.

10. On information and belief, Defendant Kalai Group, LLC is a Delaware limited liability company with a principal place of business at 10785 W. Twain Ave., Ste. 210, Las Vegas, Nevada 89135.

11. On information and belief, Defendant Google, LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## FACTS

12. Freddy was established in Italy in 1976 by Carlo Freddi. It started as a dance and gymnastics footwear company and has grown into an internationally reputed brand offering a full line of athletic clothing. Between 2008 and 2012, Freddy was the official sponsor of and supplier to the Italian Olympic Team, creating its official uniform for opening and closing ceremonies in

addition to various other articles worn at the 2008 Summer Olympic Games in Beijing, the 2009 Mediterranean Games in Pescara, the 2010 Vancouver Winter Olympic Games, and the 2012 London Olympic Games. Today, Freddy's athleticwear is sold across the globe through stores in the U.S., Rome, Genoa, Seoul, Athens, Russia, Belgium, and South Africa, among others.

13. In 2013, Freddy launched its WR.UP® pants in Italy, which are designed to accentuate a woman's booty, hip, and waist shape and appearance.

14. The immediate success of the pants heralded Freddy's entry into the U.S. market with the opening of Freddy's Washington retail space in March 2013.

15. Freddy's WR.UP® pants have since become Freddy's most iconic, successful, and recognizable product.

16. Freddy's WR.UP® pants contain an original rear stitching design, depicted below (the "Stitching Design"):



17. Freddy owns a valid Chinese copyright registration for its Stitching Design, Chinese Copyright Registration No. 950854 (the "Chinese Registration"). A true and correct copy of the Chinese Registration is attached hereto as Exhibit A.

18. In or around October 2018, Freddy learned that a website called Best Yoga Store, located at the URL <https://bestyogastore.us> (the "Accused Website"), was selling or offering

for sale pants in the U.S. that bear an identical stitching design to Freddy's Stitching Design (the "Infringing Pants"). An example of the Infringing Pants is depicted below.

Freddy's WR.UP® Pants      Infringing Pants[1]



19. The Infringing Pants are clear copies of Freddy's WR.UP® pants and Stitching Design.

20. On information and belief, Defendant Kalai Group, LLC does business as Best Yoga Store through the Accused Website and/or is an alternate business name for Best Yoga Store.

21. Defendant Kalai Group, LLC owns U.S. Trademark Registration No. 5998871 for the trademark BEST YOGA STORE.

22. On or about November 6, 2018, counsel for Freddy sent a takedown notice to Shopify, the ISP hosting the Accused Website at the time, demanding that the pages displaying and offering for sale the Infringing Pants be taken down. (Exhibit B.)

23. Shopify did not comply.

24. Freddy also sent the letter to Defendant Abdeslam Kalai, who similarly failed to comply.

25. Because neither complied, Freddy turned its focus to the Chinese manufacturers believed to be providing the Accused Website with the Infringing Pants. Enforcement on the U.S.

---

[1] *2020 Mid Waisted Grey Denim Jeans With Built-in Hiney Trainer X™ Lifts & Supports for a Flattering Fit*, <https://bestyogastore.us/collections/flattering-fit/products/dgl> (last viewed 4.21.2020).

front was temporarily suspended while the Chinese manufacturers were pursued.

26. In or around mid-2019, Freddy filed a civil suit in China against the Chinese manufacturers of the Infringing Pants.

27. Freddy's Chinese Registration issued shortly thereafter, on December 9, 2019.

28. On or about February 5, 2020, counsel for Freddy sent a second takedown notice to Shopify, attaching a copy of the Chinese Registration. (Exhibit C.)

29. On or about February 19, 2020, Shopify took down the relevant pages of the Accused Website displaying and offering for sale Infringing Pants.

30. That same day, Defendants Abdeslam Kalai and Kalai Phony submitted a counternotice under the Digital Millennium Copyright Act swearing under penalty of perjury that the affected websites were removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled and that they are the merchants subject to the DMCA Takedown Notice and/or that they are authorized to act on behalf of the merchant. (Exhibit D.) They also expressly consented to the jurisdiction of the Federal District Court for the District of Delaware. *Id.*

31. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC knew about Freddy and its products and had access to Freddy's products before they began selling the Infringing Pants through the Accused Website.

32. The stitching on the Infringing Pants is substantially and strikingly similar to Freddy's copyrighted Stitching Design.

33. Freddy did not authorize any Defendant to copy or make derivative works of the Stitching Design.

34. Upon information and belief, Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC have derived revenue from sales of the Infringing Pants through the Accused Website.

35. To date, Defendants have not compensated Freddy.

36. Because Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC continue to infringe, Plaintiff submitted takedown notices under the Digital Millennium Copyright Act to Google, LLC, who currently hosts the Accused Website, on July 3, 2020, July 14, 2020, and September 15, 2020 (the "2020 Notices"). (Exhibit E.)

37. Google took no action in response to Plaintiff's 2020 Notices.

38. In September 2021, Plaintiff again tried submitting DMCA notices to Google (the "2021 Notices"). (Exhibit F.)

39. As with the 2020 Notices, Google also failed to act in response to the 2021 Notices. The infringing content on the Accused Website remains online and available for sale.

40. Moreover, the Accused Website makes false and/or misleading statements as to its products.

41. The Accused Website claims: "most BYS gear is made in USA[.]" (Exhibit G.)

42. The Accused Website also states, "BYS products are designed with love in southern California." (*Id.*)

43. Further, the Best Yoga Store logo on the Accused Website says, "American Designs," and includes the image of a lookalike American Flag. (*Id.*)

44. On or about March 19, 2021, a representative of the company stated that the products "are conceptualized and designed in California, USA[.]" (Exhibit H.)

45. On information and belief, none of the pants sold on the Accused Website are "made in USA," as advertised.

46. On information and belief, the pants sold on the Accused Website, including the Infringing Pants, are made in China. (Exhibit I.)

47. On information and belief, numerous purchasers have been deceived by the Accused Website's false "made in USA" claim. (*Id.*)

48. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that consumers are likely to rely on the "made in USA" claim on the Accused Website when making purchasing decisions.

49. On information and belief, goods sold through the Accused Website have traveled in commerce to customers across the U.S.

50. Defendants' false statements of origin give them an unfair advantage when competing in the marketplace.

## COUNT I
## COPYRIGHT INFRINGEMENT
**(Against Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC)**

51. Paragraphs 1-50 are incorporated herein by reference as if fully set forth.

52. Freddy's Stitching Design is an original work of authorship.

53. Freddy owns the Chinese Registration for the original Stitching Design.

54. Under 17 U.S.C. § 104(b)(2), the Stitching Design was first published in a foreign nation that, on the date of first publication, was a treaty party, as defined by the Copyright Act, 17 U.S.C. § 101.

55. As owner of the copyright in the Stitching Design, Freddy reserves and retains the bundle of exclusive rights granted under § 106 the Copyright Act (17 U.S.C. § 106), including the right to reproduce, distribute copies, and prepare derivative works of its copyrighted Stitching Design.

56. The stitching on the Infringing Pants is substantially and strikingly similar to the copyrighted Stitching Design.

57. By manufacturing and selling the Infringing Pants, Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC reproduced, distributed copies, and/or made derivative works of the Stitching Design. In doing so, each violated Freddy's exclusive rights.

58. Freddy did not authorize any Defendant's reproduction, distribution, or creation of derivative works of the Stitching Design.

59. On information and belief, Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC have sold and distributed the Infringing Pants to consumers in the U.S.

60. On information and belief, Defendant Abdeslam Kalai, as owner of Defendant Kalai Phony and/or Kalai Group, LLC, had the right and ability to exercise control over Kalai Phony's and Kalai Group, LLC's infringing acts and, in fact, did exercise control over Kalai Phony's and Kalai Group, LLC's infringing acts, as set forth above.

61. Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC's actions constitute willful copyright infringement.

62. Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC's actions have resulted in financial injury to Freddy and, therefore, Freddy requests that it be awarded actual damages for each infringement, plus costs and interest in an amount to be determined at trial.

**COUNT II**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(Against Defendant Google, LLC)**

63. Paragraphs 1-50 are incorporated herein by reference as if fully set forth.

64. Defendant Google, LLC is the Internet Service Provider whose servers host the Accused Website.

65. Plaintiff's 2020 Notices and 2021 Notices advised Google of the infringing content hosted on the Accused Website and residing on Google's servers and demanded removal of the images of the Infringing Pants and portions of the Accused Website through which they are sold. (Exhibits E and F.)

66. Defendant Google ignored all of Plaintiff's DMCA takedown notices.

67. Defendant Google, thus, has actual knowledge of third-party infringement committed by its customers (Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC) in connection with the Accused Website.

68. Despite its knowledge of their infringement on the Accused Website, Defendant Google continues providing web hosting services to them, thereby inducing, causing, encouraging, and/or materially contributing to their direct copyright infringement.

69. Defendant Google, LLC is therefore liable for contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

## COUNT III
## FALSE ADVERTISING
**(Against Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC)**

70. Paragraphs 1-50 are incorporated herein by reference as if fully set forth.

71. Defendants Abdeslam Kalai's, Kalai Phony's, and Kalai Group, LLC's Accused Website claims: "most BYS gear is made in USA[.]" (Exhibit G.)

72. The Accused Website also states, "BYS products are designed with love in southern California." (*Id.*)

73. Further, the Best Yoga Store logo on the Accused Website says, "American Designs," and includes the image of a lookalike American Flag. (*Id.*)

74. On or about March 19, 2021, a representative of the company stated that the products "are conceptualized and designed in California, USA[.]" (Exhibit H.)

75. On information and belief, none of the pants sold on the Accused Website are "made in USA," as advertised.

76. On information and belief, the pants sold on the Accused Website, including the Infringing Pants, are made in China.

77. On information and belief, numerous purchasers have been deceived by the Accused Website's false "made in USA" claim. (*Id.*)

78. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that consumers are likely to rely on the "made in USA" claim on the Accused Website when making purchasing decisions.

79. On information and belief, goods sold through the Accused Website have traveled in commerce to customers across the U.S.

80. Defendant's false statements of origin give them an unfair advantage when competing in the marketplace.

81. Plaintiff has and/or is likely to suffer declining sales as a result of Defendants Abdeslam Kalai's, Kalai Phony's, and Kalai Group, LLC's false claim that the goods sold on the Accused Website are "made in USA" when they are not.

82. Plaintiff is, thus, entitled to permanent injunctive relief barring Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC from falsely claiming the goods sold on the Accused Website are "made in USA," when they are not, ordering them to take corrective action in the form of a press release and website posting regarding the Court's decision in this matter,

and undertaking corrective advertising stating the products are not manufactured in the United States but instead in China.

83. Plaintiff is also entitled damages in an amount to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff is entitled to and prays for relief as follows:

A. That all Defendants and their officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be permanently enjoined and restrained from infringing, in any manner, Plaintiff's Chinese Registration, pursuant to 17 U.S.C. § 502;

B. That the Court order as to Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC the impounding and destruction of all Infringing Pants, and the impounding of all records documenting the manufacture, sale, or receipt of all Infringing Pants, pursuant to 17 U.S.C. § 503;

C. That an accounting be conducted and judgment rendered against all Defendants jointly and severally for:

   i. all profits received by them from the sale of Infringing Pants pursuant to 17 U.S.C. § 504(b);

   ii. all damages in an amount to be proven at trial resulting from their willful direct and contributory copyright infringement, pursuant to 17 U.S.C. § 504(b); and

   iii. any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

D. That an accounting be conducted and judgment rendered against Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC jointly and severally for:

i. three times the profits received by them as a result of their false and misleading advertising pursuant to 15 U.S.C. § 1117(a); and

ii. three times the damages, in an amount to be proven at trial, resulting from their willful false and misleading advertising pursuant to 15 U.S.C. § 1117(a).

E. That Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC pay the costs of the instant action and Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1117(a);

F. That Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC and their officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be permanently enjoined and restrained from falsely claiming the goods sold on the Accused Website are "made in USA," when they are not;

G. That Defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC and their officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be ordered to take corrective action in the form of a press release and website posting regarding the Court's decision in this matter, and undertaking corrective advertising stating the products are not manufactured in the United States but instead in China; and

H. That Plaintiff be granted any other and further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: October 13, 2021.

Respectfully submitted,

O'KELLY & ERNST, LLC

/s/ George Pazuniak
George Pazuniak (DE No. 478)
824 N. Market Street
Suite 1001A
Wilmington, DE 19801
(302) 478-4230
Email: GP@del-iplaw.com


THE SLADKUS LAW GROUP

s/ Jason H. Cooper
Jason H. Cooper (*admitted pro hac vice*)
Georgia Bar No. 778884
Email: jason@sladlaw.com

1397 Carroll Drive
Atlanta, Georgia 30318
Main: (404) 252-0900
Fax: (404) 252-0970

***Attorneys for Plaintiff***