## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDDY S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-628-MN |
| | ) | |
| ABDESLAM KALAI, KALAI PHONY, | ) | |
| KALAI GROUP, LLC, and GOOGLE, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Presently before the court in this civil action for copyright infringement and false advertising is plaintiff Freddy S.p.A.'s ("Plaintiff") motion for entry of judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2) against defendants Abdeslam Kalai, Kalai Phony, and Kalai Group, LLC (the "Defaulting Defendants"). (D.I. 26) For the following reasons, I recommend that the court GRANT Plaintiff's motion for entry of default judgment under Rule 55(b)(2) and issue a permanent injunction against the Defaulting Defendants.

## I.    BACKGROUND

Plaintiff initiated this action on May 10, 2020 and filed a first amended and supplemental complaint ("FAC") on October 26, 2021, alleging causes of action for copyright infringement and false advertising relating to the Defaulting Defendants' alleged infringement of the stitching design used on Plaintiff's WR.UP® pants and false representations that the infringing products are made in the United States. (D.I. 14 at ¶¶ 13-19, 40-46) In accordance with the court's order dated October 5, 2021, Plaintiff served the summons and FAC on Abdeslam Kalai and Kalai Phony by electronic means on October 29, 2021. (D.I. 11; D.I. 15) Plaintiff served the

summons and FAC on defendant Kalai Group, LLC by way of its registered agent on November 1, 2021. (D.I. 17)

The Defaulting Defendants failed to file and serve a timely responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure. At Plaintiff's request, the Clerk of Court entered the default in appearance against the Defaulting Defendants pursuant to Rule 55(a) on January 14, 2022 (the "Entry of Default in Appearance"). (D.I. 21; D.I. 24) On the same day, Plaintiff served the Entry of Default in Appearance on Abdeslam Kalai and Kalai Phony by electronic means. (D.I. 25) Plaintiff served the Entry of Default in Appearance on Kalai Group, LLC's registered agent on January 17, 2022. (*Id.*)

On March 11, 2022, Plaintiff filed a motion for entry of default judgment pursuant to Rule 55(b)(2). (D.I. 26) Plaintiff's motion was accompanied by an affidavit of service confirming that a copy of the motion for default judgment was served on each of the Defaulting Defendants in the same manner as the FAC and Entry of Default in Appearance. (D.I. 26-3) The assigned District Judge then referred the pending motion to the undersigned judicial officer on March 14, 2022. (D.I. 28)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b). The decision to enter a default judgment is within the discretion of the court. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). The court's determination is guided by three considerations: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016).

The court may conduct an evidentiary hearing to ascertain the amount of damages or establish the truth of the allegations. Fed. R. Civ. P. 55(b)(2). However, "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment[.]" 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2688 (3d ed. 2007); *see Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007). Plaintiff seeks only injunctive relief in this instance, and for the reasons set forth below, the uncontroverted factual allegations in the FAC obviate the need for a hearing to substantiate Plaintiff's proposed permanent injunction. *See SEC v. Krimm*, C.A. No. 17-464-RDM, 2019 WL 2270437, at *5 (D. Del. May 28, 2019) (granting proposed injunctive relief without a hearing on a motion for default judgment under Fed. R. Civ. P. 55(b)(2)).

## III.  DISCUSSION

### A.  Default Judgment

I recommend that the court grant Plaintiff's motion for default judgment against the Defaulting Defendants. As described at § I, *supra*, Plaintiff has demonstrated that it properly served the summons and FAC, the Defaulting Defendants failed to answer or otherwise respond, and the Clerk of Court entered a default in appearance against the Defaulting Defendants. Accordingly, the court takes as true the factual allegations in the FAC. *See Comdyne I*, 908 F.2d

3

at 1149. Moreover, the factors articulated by the Third Circuit in *Chamberlain* weigh in favor of default judgment against the Defaulting Defendants. *See Chamberlain*, 210 F.3d at 164.

The factual allegations in the FAC support Plaintiff's claims that the Defaulting Defendants violated the federal Copyright Act and the Lanham Act. With respect to copyright infringement, the FAC sets forth facts confirming that: (1) Plaintiff owns a valid copyright, (D.I. 14 at ¶¶ 52-54; Ex. A); and (2) the Defaulting Defendants knowingly copied original elements of Plaintiff's work, as evidenced by the substantial similarity of the Defaulting Defendants' products to Plaintiff's WR.UP® pants, (*id.* at ¶¶ 18-19, 31, 55-61). *See Tanksley v. Daniels*, 902 F.3d 165, 171 (3d Cir. 2018). As for Plaintiff's false advertising claim under the Lanham Act, the FAC points to evidence showing that: (1) the Defaulting Defendants made false or misleading statements regarding the origin of their own product, (D.I. 14 at ¶¶ 40-46; Exs. G-H); (2) the Defaulting Defendants actually deceived a substantial portion of their customers, (*id.* at ¶¶ 47, 77; Ex. I); (3) the deception is likely to influence customers' purchasing decisions, (*id.* at ¶¶ 48, 78; Ex. I); (4) the Defaulting Defendants' products traveled in interstate commerce, (*id.* at ¶¶ 49, 79; Ex. H); and (5) Plaintiff suffered declining sales as a result, (*id.* at ¶ 81). *See Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000).

The *Chamberlain* factors further support the entry of default judgment against the Defaulting Defendants. First, Plaintiff will be prejudiced by its inability to enforce its copyright if the motion is denied, and the Defaulting Defendants will likely continue to infringe Plaintiff's copyright. *See Tristrata Tech., Inc. v. Med. Skin Therapy Res., Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). Second, whether the Defaulting Defendants have a litigable defense is unclear due to their failure to appear and participate in the litigation. *See id.* Third, the Defaulting Defendants have been on notice of this action, and their decision not to defend against the allegations in the

4

FAC amounts to willful and culpable conduct. *See SEC v. Krimm*, C.A. No. 17-464-RDM, 2019 WL 2270437, at *5 (D. Del. May 28, 2019). For these reasons, I recommend that the court grant Plaintiff's motion for default judgment under Rule 55(b)(2).

### B. Permanent Injunction

Plaintiff asks the court to permanently enjoin the Defaulting Defendants' conduct. (D.I. 26-1 at 8-10) The court may award injunctive relief under both the Copyright Act and the Lanham Act. 17 U.S.C. § 502(a); 15 U.S.C. § 1116. Generally, a party prevailing on the merits must show four factors to obtain a permanent injunction: (1) it will suffer irreparable injury; (2) no remedy available at law would be sufficient; (3) the balance of hardships tips in its favor; and (4) the injunction would serve public interests. *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). In the "specialized context" of a default judgment, where the defendant does not respond and the plaintiff cannot quantify its damages, these factors generally weigh in favor of injunctive relief. *See Ottomanson, Inc. v. UCAI, LLC*, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) ("Merely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so.").

Because liability for copyright infringement and false advertising has been established and Plaintiff has shown that future violations are likely, the court may issue a permanent injunction. *See Krimm*, 2019 WL 2270437, at *6 (issuing permanent injunctive relief on a motion for default judgment because defendants did not respond to the complaint or otherwise represent that future violations were unlikely); *Innovative Office Prods., Inc. v. Amazon.com, Inc.*, 2012 WL 1466512, at *4 (E.D. Pa. Apr. 26, 2012) (issuing a permanent injunction based on acceptance of infringement allegation as true for purposes of the motion for default judgment); *Broadcast Music, Inc. v. Shane's Flight Deck, Ltd.*, 2010 WL 4916208, at *1 (M.D. Pa. Nov. 24,

2010) (finding a permanent injunction was warranted for alleged copyright infringement on a motion for default judgment "given the past and likely continued violations by defendant"). Consequently, I recommend that the court issue a permanent injunction against the Defaulting Defendants.

## IV.    CONCLUSION

For the foregoing reasons, I recommend that the court GRANT Plaintiff's motion for entry of default judgment under Rule 55(b)(2), enter judgment pursuant to Federal Rule of Civil Procedure 58, and issue a permanent injunction in the form attached at D.I. 26-2 enjoining the Defaulting Defendants from: (1) infringing Plaintiff's copyright pursuant to 17 U.S.C. § 502, and (2) falsely claiming that products sold on the Defaulting Defendants' website were "made in the USA." (D.I. 26)

Plaintiff shall serve a copy of this Report and Recommendation on the Defaulting Defendants in the same manner Plaintiff served the Defaulting Defendants with the Entry of Default in Appearance and shall file proof of such service with the court.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: April 28, 2022

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE